IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS HENDERSON, ) | |
| ) | |
| Plaintiff, ) | No. 14 C 7517 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| BLATT, HASENMILLER, LEIBSKER & ) | |
| MOORE LLC and MIDLAND FUNDING, LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Louis Henderson filed a three count complaint against defendants Midland Funding, LLC ("Midland") and its law firm, Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt"). Counts I and II allege a violation of the Fair Debt Collection Practices Act ("FDCPA") against Blatt and Midland, respectively, because Blatt filed a collection action against plaintiff in the improper judicial district. Count III alleges a violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") against Midland for purposely filing a collection action against plaintiff in an inconvenient venue. Defendant Midland moves to dismiss Count III. For the reasons discussed below, defendant's motion is granted.

## **BACKGROUND**

Plaintiff opened a consumer credit account with Citibank, on which plaintiff allegedly failed to make monthly payments. Midland, a debt collection agency, subsequently purchased the debt. Midland hired Blatt to collect on the credit card debt owed by plaintiff. The Municipal Department of The Circuit Court of Cook County, Illinois, requires plaintiffs to file civil actions in "the [municipal] district of residence of any defendant who is joined in good faith and with

probable cause for the purpose of obtaining a judgment against the defendant and not solely for the purpose of permitting a filing in that district."[1]

Blatt, on behalf of Midland, filed a collection action against plaintiff at the Richard J. Daley Center Courthouse, which serves the First Municipal District of Cook County. Plaintiff lives in Hazel Crest, Illinois, located in the Sixth Municipal District. Plaintiff retained an attorney to defend the collection action in the First Municipal District.

## DISCUSSION

Count III alleges that Midland's active participation in the collection case against plaintiff intended to deceive plaintiff into believing that the First Municipal District was the only venue where he could defend the case. Plaintiff alleges that Midland regularly obtains default judgments against consumers by filing collection actions in venues that are convenient for Midland but inconvenient for consumers. The complaint further alleges that Midland actively concealed the proper venue for defending the collection action, constituting a misrepresentation on which it intended plaintiff rely. Plaintiff contends that this material misrepresentation caused him to believe that he had to expend unnecessary time and energy defending the action in the First District.

Defendant Midland moves to dismiss Count III of plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must allege sufficient facts, which, if true, would

---

[1]Circuit Court of Cook County, Ill., General Order § 1.2,2.3(d)(1), *available at* http://www.cookcountycourt.org/Manage/DivisionOrders/ViewDivisionOrder/tabid/298/ArticleId/190/GENERAL-ORDER-NO-1-2-2-3-Municipal-Department.aspx.

show that the claim is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court draws inferences from the complaint's factual allegations most favorably for the plaintiff, but recitations of the elements of a claim and conclusory statements are insufficient. Camasta v. Jos. A. Bank Clothiers, Inc., 761 F.3d 732, 736 (7th Cir. 2014), citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Midland argues that plaintiff's complaint fails to plausibly plead the elements of an ICFA claim. The court agrees.

The ICFA protects consumers from "unfair or deceptive acts" in the course "of any trade or commerce." 815 ILCS 505/2 (West 1973). To state a claim under the ICFA, a plaintiff must allege: "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." Siegel v. Shell Oil Co., 612 F.3d 932, 934 (7th Cir. 2010). An individual plaintiff must additionally show actual damages caused by defendant's deceptive act. Camasta, 761 F.3d at 739. Defendant specifically challenges plaintiff's allegations as to the third element and causation and damages.

The third element of an ICFA claim requires a plaintiff to show that the deceptive or unfair practice occurred in the course of trade or commerce. Plaintiff argues that trade and commerce apply broadly and encompass debt collection. See People ex rel. Daley v. Datacom Systems Corp., 585 N.E.2d 51, 64 (Ill. 1991) (mailing demand notices and collecting money "directly or indirectly affected the people of Illinois," and therefore, were trade and commerce under the ICFA). In the instant case, plaintiff alleges that filing the collection action in the wrong venue was a debt collection act. The Illinois Supreme Court, however, has held that the ICFA does not apply to "the conduct of attorneys in representing clients." Cripe v. Leiter, 703

3

N.E.2d 100, 107 (Ill. 1998); see also Gadson v. Newman, 807 F.Supp. 1412, 1417 (C.D. Ill. 1992) (including under the "practice of law" exception "activities directly related to the lawyer's professional training or where the lawyer is already subject to regulation from his or her professional organizations").

Plaintiff relies on Grant-Hall v. Cavalry Portfolio Serv., 856 F. Supp. 2d 929 (N.D. Ill. 2012), to attribute Blatt's actions against defendant Midland. Grant-Hall held that "[t]he ICFA itself expressly recognizes that a defendant may be held liable for the actions of its attorney or agent." Id. at 943. Like the defendant in Grant-Hall, Midland is "a veteran debt collector and volume purchaser of legal services, [and] has much greater control over its attorneys than does the typical client." Id. at 942. It is plausible, therefore, to infer that Midland had knowledge that the collection action was filed in the wrong district, making it "liable under the ICFA as an active and direct participant in the filing of the allegedly improper state court collection actions." Id. at 944 (internal quotations omitted). The court concludes that the improper filing of the complaint, as directed by Midland, was trade and commerce under the ICFA.

In addition to alleging an unfair practice, intent on behalf of defendant, and the practice involving trade or commerce, an individual plaintiff must show actual damages caused by defendant's unfair or deceptive act. 815 ILL. COMP. STAT. 505/10a(a); Siegel, 612 F.3d at 935. To show that defendant's practices proximately caused plaintiff's damages, "plaintiff must allege that he was, in some manner, deceived." Oliveira v. Amoco Oil Co., 776 N.E.2d 151, 164 (Ill. 2002). In other words, plaintiff must allege that "but for" Midland's improper venue filing, he would not have suffered the alleged damages. Siegel, 612 F.3d at 935.

4

Plaintiff alleges that Midland's collection action harmed him by leading him to believe he had to expend unnecessary time and energy traveling to the wrong venue. The complaint, however, fails to state that plaintiff actually expended time and energy traveling to the wrong venue. Instead, plaintiff alleges that he was forced to retain counsel that regularly practices in the First District. Plaintiff fails to allege, however, that he would have acted differently had Midland filed its collection action in the proper venue. See Siegel, 612 F.3d at 937 (finding plaintiff could not establish causation because he could not "show that the defendants' conduct caused him to purchase their gasoline").

Plaintiff further asserts that Midland actively concealed the proper venue to obtain a default judgment against him in the improper venue. Plaintiff does not allege that defendant obtained a default judgment against him. In place of specificity about his own situation, plaintiff alleges that Midland regularly obtains judgments against consumers by filing in the wrong district. The Illinois Supreme Court, however, has routinely rejected the "market theory" of causation. De Bouse v. Bayer, 922 N.E.2d 309, 319 (Ill. 2009); Shannon v. Boise Cascade Corp., 805 N.E.2d 213, 219 (Ill. 2004); Oliveira, 776 N.E.2d at 164.

As noted above, plaintiff does not contend that Midland obtained a default judgment against him, the alleged goal of its deceptive act. Instead, plaintiff alleges only that he was led to believe he had to expend unnecessary time and energy traveling to the wrong venue. By failing to plead with specificity how Midland's filing in the wrong venue harmed him, plaintiff has failed to plead the proximate cause element needed for an ICFA claim. See Oliveira, 776 N.E.2d at 163 (finding the plaintiff failed to plead causation when he could not "allege that he saw, heard or read any of defendant's ads").

An ICFA claim also requires pleading actual, pecuniary losses in order to survive a motion to dismiss. 815 ILL. COMP. STAT. 505/10a(a); compare In re Michaels Stores Pin Pad Litigation, 830 F. Supp. 2d 518, 527 (N.D. Ill. 2011) (finding allegations of lost money from unauthorized bank withdrawals to be sufficiently pleaded damages), with Worix v. MedAssets, Inc., 857 F. Supp. 2d 699, 706 (N.D. Ill. 2012) (finding the plaintiff's allegations of "money or property he might have lost" to be "vague and conclusory"). Here, plaintiff's allegations of damages align much more closely with the vague and conclusory allegations of damages found in Worix. Plaintiff does not assert any actual loss, but rather alleges that he *believed* he would *have to* expend time and energy to travel to the wrong venue. Allegations premised on the belief of injury not factually pleaded must be read out of the complaint as conclusory. See Camasta, 761 F.3d at 739-40 (finding the plaintiff's assertion that he "could have shopped around and obtained a better price in the marketplace" was defeated by not actually alleging that he had done so (internal quotations omitted)).

Plaintiff again relies on Grant-Hall to argue that time and money spent defending a debt collection effort qualifies as damages under the ICFA. Grant-Hall, 856 F. Supp. 2d at 941. The instant case is distinguishable from Grant-Hall, in which the plaintiff alleged that the defendant did not properly obtain title to the debts it sued upon as required by Section 8b of the Illinois Collection Agency Act. Therefore, the defendant did not have the right to sue the plaintiff for the debt, forcing the plaintiff to retain an attorney to defend the improper collection action. Grant-Hall, 856 F. Supp. 2d at 935.

Here, plaintiff alleges only that he was forced to retain an attorney who regularly practices in the First Municipal District of Cook County, causing him to incur substantial

6

attorney fees to defend the action at Richard J. Daley Center Courthouse.  Of course, an Illinois attorney is licensed to practice in both the First and Sixth Municipal District.  Moreover, the Cook County Municipal Department provides a mechanism for transferring improperly filed actions.² Because plaintiff did not allege that his attorney sought to correct the issue of improper filing and incurred costs as a result—as was the case in Grant-Hall—the fact that plaintiff retained an attorney did not constitute an injury caused by Midland's actions.  Siegel, 612 F.3d at 937.

Because plaintiff has not alleged facts with enough specificity to plausibly suggest that Midland caused plaintiff to suffer damages through a deceptive act in the course of trade or commerce, plaintiff's ICFA claim cannot stand.  See Camasta, 761 F.3d at 740 (holding that the plaintiff did not provide "any facts to support his conclusory assertions of actual damage," thereby failing to sufficiently plead that he was harmed).³ Because plaintiff has failed to allege causation and damages as required by the statute, the court dismisses Count III of the complaint.

### CONCLUSION

For the reasons discussed above, defendant Midland's motion to dismiss Count III of the complaint is granted.

**ENTER:** May 14, 2015

_____
**Robert W. Gettleman**

---

²Circuit Court of Cook County, Ill., General Order § 1.3(c), *available at* http://www.cookcountycourt.org/Manage/DivisionOrders/ViewDivisionOrder/tabid/298/ArticleId/190/GENERAL-ORDER-NO-1-2-2-3-Municipal-Department.aspx (allowing the judge to whom an improperly filed action is assigned, by suggestion of the parties or otherwise, to transfer the action to the presiding judge of the improper district for the purpose of the transferring to the proper one).

³Anxiety, mental anguish and emotional distress do not, by themselves, constitute damages under the ICFA.  Morris v. Harvey Cycle and Camper, Inc., 392 Ill.App.3d 399, 403 (ist Dist. 2009)(Holding that emotional damages are compensable under the ICFA only when they are part of a total award that includes actual economic damages).

**United States District Judge**